ALDEN F. ABBOTT
General Counsel

SARAH SCHROEDER, Cal. Bar No. 221528
ROBERTA TONELLI, Cal. Bar No. 278738
EVAN ROSE, Cal. Bar No. 253478
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
sschroeder@ftc.gov, rtonelli@ftc.gov, erose@ftc.gov
Tel: (415) 848-5100; Fax: (415) 848-5184

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN FINANCIAL BENEFITS CENTER, a corporation, also d/b/a AFB and AF STUDENT SERVICES; <br><br> AMERITECH FINANCIAL, a corporation; <br><br> FINANCIAL EDUCATION BENEFITS CENTER, a corporation; and <br><br> BRANDON DEMOND FRERE, individually and as an officer of AMERICAN FINANCIAL BENEFITS CENTER, AMERITECH FINANCIAL, and FINANCIAL EDUCATION BENEFITS CENTER, <br><br> Defendants. | Case No. 18-cv-00806-SBA <br><br> Related Case: 4:17-cv-04817-SBA <br><br> **FEDERAL TRADE COMMISSION'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DEFENDANTS' CUSTOMER LIST** <br><br> Date: July 11, 2018 <br> Time: 1:00 p.m. <br> Location: Courtroom 210 <br> 1301 Clay Street, 2nd Floor <br> Oakland, CA 94612 <br> Judge: Hon. Saundra Brown Armstrong |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on July 11, 2018 at 1:00 p.m., or as soon thereafter as this matter may be heard in the above-titled Court or by a magistrate judge, Plaintiff Federal Trade Commission will move this Court for an order compelling Defendants American Financial Benefits Center, Ameritech Financial, Financial Education Benefits Center, and Brandon Frere ("Defendants") to respond in full to Interrogatory 1 served by the FTC upon them.

Defendants refuse to provide the names and contact information for consumer witnesses in this matter. The Court should compel Defendants to respond fully and in good faith to the FTC's Interrogatory 1 within ten (10) days of its order.

This motion is made pursuant to Federal Rule of Civil Procedure 37, and following a telephonic conference between FTC counsel and counsel for the Defendants, pursuant to L.R. 37-1 and this Court's Standing Order No. 4.

## I. Introduction

This is a straightforward motion seeking one piece of critical evidence – the list of consumers who purchased Defendants' services. Defendants' representations to consumers, and consumers' understanding of what they were paying for, are the heart of the FTC's Complaint. (*Complaint for Permanent Injunction and Other Equitable Relief*, Dkt. 1, ¶¶ 47-49, 58-59). To determine the extent consumers were deceived by Defendants' actions, the FTC must communicate with these important witnesses. Accordingly, the FTC respectfully requests that the Court order Defendants to produce their customer list in ten (10) days.

## II. Facts

The FTC first requested Defendants' customer list <u>over nine months ago</u> as part of an investigation into Defendants' practices. (*Declaration of Kelly Ortiz in Support of Motion to Compel Production of Customer List* ("Ortiz Decl.") ¶ 4, Att. A (August 23, 2017 letter from Schroeder to Vorhis: please provide "the Companies' current and past clients, including contact information")). Defendants refused to provide their customer list, claiming it was irrelevant and a "confidential trade secret." (*Id.* ¶ 5, Att. B (September 27, 2017 letter from Vorhis to

**FTC's Motion to Compel Production of Customer List**  **Page 1**
**4:18-CV-00806-SBA**

Schroeder: "we will not produce this list because we do not see any relevance such list would have to your investigation.")).

The FTC repeated its request for Defendants' customer list in November 2017. (*Id.* ¶ 6, Att. C (November 2, 2017 letter from Schroeder to Vorhis: "Please provide the name, address, phone number, and email address for all consumers who have paid funds to [the Defendants]")). The FTC also offered to work with Defendants on any technical issues that would hinder production of their customer list. (*Id.* ¶ 7, Att. D (April 3, 2018 email from Schroeder to Vorhis/Healy: "Agenda for Rule 26(f) conference . . . Please bring information about Defendants' Salesforce database and any technical issues that would impede Defendants from producing their customer lists in a timely manner.")). Defendants still did not produce their customer list, and did not give any reason why producing the list was impossible or burdensome.

On April 17, 2018, the FTC served its First Set of Interrogatories on Defendants. Interrogatory 1 states: "Identify every person who has ever enrolled in or paid for any service or program offered by any of the Companies, including each person's email address, home address, and phone number." (*Id.* ¶ 8, Att. E). Defendants' response was due May 17, 2018. Instead of producing its customer list as required in Interrogatory 1, Defendants objected to the interrogatory, produced a list of unique client ID numbers, and offered to provide records for only a sample of customers. (*Id.* ¶ 9, Att. F). For the reasons explained below, Defendants' response is deficient and prejudices the FTC's ability to gather critical evidence in this matter.

**III. Legal Standard**

Parties may obtain discovery regarding "any non-privileged matter that is relevant to any Party's claim or defense." Fed. R. Civ. P. 26(b). A court may order discovery of "any matter relevant to the subject matter involved in the action" upon a showing of good cause. *Id.* The party resisting relevant, non-privileged discovery has the burden of showing why discovery should not go forward. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). "The resisting party must specifically detail the reasons why each request is improper." *FTC v. AMG Servs.*, No. 2:12-cv-536-GMN-VCF, 2015 U.S. Dist. LEXIS 114550, at * 8 (D. Nev. August 25, 2015). "Broad allegations of harm, unsubstantiated by specific examples or articulated

reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472-73 (9th Cir. 1992).

**IV.     Argument**

   **1. Defendants' customer list is relevant evidence.**

As mentioned above, Defendants are withholding their customer list because they question its relevance. (Ortiz Decl. ¶ 5, Att. B). Defendants' claim that their customer list is irrelevant defies logic. Consumer perception is a key issue in this matter. The FTC needs to communicate with consumers and provide them an opportunity to submit a statement about their experience with Defendants. Defendants "cannot reasonably [] argue that its customer list is not relevant under the discovery rules." *See FTC v. ECM BioFilms, Inc.*, FTC Dkt. 9358 (Jan. 10, 2014)[1] (order granting motion to compel full customer list because the "nature of [Defendants'] representations to its customers and distributors is a key issue in the case"); *Nalco Co. v. Chem-Aqua Inc.*, No. 14-mc-80183 RS (NC), 2014 U.S. Dist. LEXIS 947, at *4 (N.D. Cal. July 10, 2014) (finding that "customer list is discoverable, especially in light of the low burden on [Defendants] in producing the list").[2] Defendants' decision to withhold its customers' names and contact information severely prejudices the FTC's ability to present highly relevant evidence to the Court.

---

[1] The FTC maintains the dockets for its administrative cases on a publically accessible website. The document cited is included with this filing as Ortiz Att. G at 6-7 and can also be found here: https://www.ftc.gov/sites/default/files/documents/cases/140110ecmbiofilmsaljorder.pdf.

[2] *See also NLRB v. Cable Car Advertisers, Inc.*, 319 F. Supp. 2d 991, 998 (N.D. Cal. 2004) (compelling production of documents that identify customers); *Balarezo v. Nth Connect Telecom, Inc.*, No. C 07-5243 JF (PVT), 2008 U.S. Dist. LEXIS 116203, at *8 (N.D. Cal. July 8, 2008) (ordering Defendant to produce employee names and other information so plaintiff could send a notice to all similarly situated plaintiffs); *FTC v. Ellsworth*, No. CV 08-64-M-DWM, 2014 U.S. Dist. LEXIS 83520, at *11 (D. Mont. June 18, 2014) (compelling production of full customer database in native format); *Tama Plastic Indus. v. Pritchett Twine*, No. 8:12CV324, 2013 U.S. Dist. LEXIS 9607, at *18-19 (D. Neb. Jan. 24, 2013) (rejecting argument that redacted customer list was sufficient).

### 2. The Protective Order alleviates any concerns about confidentiality and consumer privacy.

Defendants also assert that their customer list is confidential (Ortiz Decl. ¶ 5, Att. B), and that producing it would violate consumers' privacy rights. (*Id.* ¶ 9, Att. F at 4). These are not valid reasons to withhold the customer list. The Court has issued a Protective Order preventing the disclosure of consumers' personally identifiable information, alleviating any concerns about improper use of alleged confidential information. *See NLRB*, 319 F. Supp. at 999 ("to the extent that there are any privacy and/or proprietary concerns attendant to the customer list, those concerns may be addressed by requiring production of the documents subject to a protective order"); *see also FTC v. Ellsworth*, 2014 U.S. Dist. LEXIS 83520, at *11-12 (D. Mont. June 18, 2014) (compelling customer list over defendant's concerns about privacy of customer information).

### 3. The FTC is willing to work with Defendants on a joint notice letter to consumers, but Defendants are still required to produce their customer list.

The main reason Defendants are withholding their client list is their concern that the FTC will notify consumers of this lawsuit. (Ortiz Decl. ¶ 11, Att. H). Presumably, they are worried that consumers will cease paying Defendants once they realize their monthly payments are not going towards their student loan balance. Fear that your clients will learn the truth about your product is not a valid reason to withhold relevant evidence. Consumers are entitled to accurate information about products and services they purchase. If, as Defendants' claim, consumers understand that their $99 monthly payment is for "access" to random services, then a notice letter will not affect their business.

However, in an attempt to address Defendants' concerns, the FTC has offered to send consumers a joint letter with Defendants. On January 29, 2018, the FTC sent Defendants a "Proposed Consumer Letter" and invited them to review the letter. (*Id.* ¶ 12). At a meet and confer on May 4, the FTC again solicited comments from Defendants. (*Id.* ¶ 13). Despite several meetings, the parties have been unable to agree on language for the letter. The parties' most recent proposed notice letters are attached to the *Declaration of Kelly Ortiz* accompanying

this motion. (*Id.* ¶ 14, Atts. I, J). The FTC will continue discussing a joint letter with Defendants, but these discussions cannot delay production of Defendants' customer list in response to the FTC's Interrogatory 1. If the parties are unable to come to an agreement on the contents of a joint notice letter, the FTC must have the ability to contact consumer witnesses.

Respectfully submitted,

ALDEN F. ABBOTT
General Counsel

Dated: May 29, 2018         /s/ Sarah Schroeder
Sarah Schroeder
Roberta Tonelli
Evan Rose
Attorneys for Plaintiff

FEDERAL TRADE COMMISSION