DAVID C. SHONKA
Acting General Counsel

SARAH SCHROEDER, Cal. Bar No. 221528
ROBERTA TONELLI, Cal. Bar No. 278738
EVAN ROSE, Cal. Bar No. 253478
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
sschroeder@ftc.gov, rtonelli@ftc.gov, erose@ftc.gov,
Tel: (415) 848-5100; Fax: (415) 848-5184

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN FINANCIAL BENEFITS CENTER, a corporation, also d/b/a AFB and AF STUDENT SERVICES;<br><br>AMERITECH FINANCIAL, a corporation;<br><br>FINANCIAL EDUCATION BENEFITS CENTER, a corporation; and<br><br>BRANDON DEMOND FRERE, individually and as an officer of AMERICAN FINANCIAL BENEFITS CENTER, AMERITECH FINANCIAL, and FINANCIAL EDUCATION BENEFITS CENTER,<br><br>Defendants. | Case No. 4:18-cv-00806-SBA<br><br>RELATED TO: 4:17-cv-04817 SBA<br><br>**[PROPOSED]** *MODIFIED* **PRELIMINARY INJUNCTION ORDER** |

The Court, having granted Plaintiff's request for a preliminary injunction, hereby **ORDERS** as follows:

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A. "**Asset**" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

B. "**Corporate Defendants**" means American Financial Benefits Center, d/b/a AFB and AF Student Services, AmeriTech Financial, and Financial Education Benefits Center, and each of their subsidiaries, affiliates, successors, and assigns.

C. "**Debt Relief Service**" means any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a person and one or more unsecured creditors or debt collectors, including, but not limited to, a reduction in the balance, interest rate, or fees owed by a person to an unsecured creditor or debt collector.

D. "**Defendant(s)**" means Corporate Defendants and Brandon Frere, individually, collectively, or in any combination.

E. "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, internet sites, webpages, websites, electronic correspondence, including, but not limited to, e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases, and any other electronically stored information, including, but not limited to, Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate Document within the meaning of the term.

F. "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

G. "**Receiver**" means Thomas McNamara.

## ORDER

## I.

## PROHIBITION ON DECEPTIVE REPRESENTATIONS

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, employees, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any Debt Relief Service, are hereby restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A. That consumers' monthly payments to Defendants will be applied toward consumers' student loans;

B. That consumers are qualified for, or are approved to receive, loan forgiveness or other programs that will permanently lower or eliminate their loan payments or balances; and

C. Any other fact material to consumers concerning any Debt Relief Service, such as: the total cost, any material restrictions, limitations, or conditions, or any material aspect of its performance, efficacy, nature, or central characteristics.

## II.

## RESTRICTIONS ON ADVANCE FEES FOR DEBT RELIEF SERVICES

**IT IS THEREFORE ORDERED** that Defendants, and their officers, agents, employees, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from:

A.  Providing, offering to provide, or arranging for others to provide any Debt Relief Service and requesting or receiving payment of any fees or consideration for any Debt Relief Service until and unless:

1. Defendants have renegotiated, settled, reduced, or otherwise altered the terms of at least one debt pursuant to a settlement agreement, debt management plan, or other such valid contractual agreement executed by the customer;
2. the customer has made at least one payment pursuant to that settlement agreement, debt management plan, or other valid contractual agreement between the customer and the creditor or debt collector; and
3. to the extent that debts enrolled in a service are renegotiated, settled, reduced, or otherwise altered individually, the fee or consideration either:
    a. bears the same proportional relationship to the total fee for renegotiating, settling, reducing, or altering the terms of the entire debt balance as the individual debt amount bears to the entire debt amount.  The individual debt amount and the entire debt amount are those owed at the time the debt was enrolled in the service; or
    b. is a percentage of the amount saved as a result of the renegotiation, settlement, reduction, or alteration.  The percentage charged cannot change from one individual debt to another.  The amount saved is the difference between the amount owed at the time the debt was enrolled in the service and the amount actually paid to satisfy the debt.

## III.

## PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, employees, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, Documents that relate to:  (1) the business

practices or finances of any Corporate Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant.

## IV.

## REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants are hereby restrained and enjoined from creating, operating, or exercising any control over any business entity, directly or indirectly, whether newly formed or previously inactive, including, but not limited to, any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff's counsel and the Receiver with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## V.

## RECEIVERSHIP

**IT IS FURTHER ORDERED** that Thomas McNamara shall serve as the Receiver of the Corporate Defendants with the full powers of an equity receiver. The Receiver shall be solely the agent of this Court in acting as Receiver under this Order.

## VI.

## DUTIES AND AUTHORITY OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A. Assume full control of the Corporate Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, or agent of any Corporate Defendant from control of, management of, or participation in, the affairs of the Corporate Defendant;

**Preliminary Injunction** **Page 5**
Case No. 18-CV-00806-SBA

B. Take exclusive custody, control, and possession of all Assets and Documents of the Corporate Defendants, or in the possession, custody, or under the control of, any Corporate Defendant, wherever situated;

C. Obtain, conserve, hold, manage, and prevent the loss of all Assets of the Corporate Defendants, and perform all acts necessary or advisable to preserve the value of those Assets. The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Corporate Defendants. The Receiver shall have full power to sue for, collect, and receive all Assets of the Corporate Defendants and of other persons or entities whose interests are now under the direction, possession, custody, or control of the Corporate Defendants. Provided, however, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer's debt to the Corporate Defendants has resulted from the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

D. Obtain, conserve, hold, manage, and prevent the loss of all Documents of the Corporate Defendants, and perform all acts necessary or advisable to preserve such Documents. The Receiver shall: divert mail; preserve all Documents of the Corporate Defendants that are accessible via electronic means, such as online access to financial accounts and access to electronic documents held onsite or by Electronic Data Hosts, by changing usernames, passwords, or other log-in credentials; take possession of all electronic Documents of the Corporate Defendants stored onsite or remotely; take whatever steps necessary to preserve all such Documents; and obtain the assistance of the FTC's Digital Forensic Unit for the purpose of obtaining electronic documents stored onsite or remotely;

E. Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

F. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, and to incur, or authorize the making of, such agreements as may be necessary and advisable in

discharging his or her duties as Receiver. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Corporate Defendants prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Corporate Defendants, such as rental payments;

G. Take all steps necessary to secure and take exclusive custody of each location from which the Corporate Defendants operate their businesses. Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) securing the location by changing the locks and alarm codes and disconnecting any internet access or other means of access to the computers, servers, internal networks, or other records maintained at that location; and (2) requiring any persons present at the location to leave the premises, to provide the Receiver with proof of identification, and/or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Corporate Defendants. Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security. If requested by the Receiver, the United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

H. Take all steps necessary to prevent the modification, destruction, or erasure of any webpage or website registered to and operated, in whole or in part, by any Defendants, and to provide access to all such webpage or websites to Plaintiff's representatives, agents, and assistants, as well as Defendants and their representatives;

I. Enter into and cancel contracts and purchase insurance as advisable or necessary;

J. Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers who have transacted business with the Corporate Defendants;

K. Make an accounting, as soon as practicable, of the Assets and financial condition of the receivership and file the accounting with the Court and deliver copies thereof to all parties;

L. Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or otherwise become party to any legal action in state, federal or foreign courts, or arbitration

proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Corporate Defendants, or to carry out the Receiver's mandate under this Order, including, but not limited to, actions challenging fraudulent or voidable transfers;

  M. Issue subpoenas to obtain Documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

  N. Open one or more bank accounts at designated depositories for funds of the Corporate Defendants. The Receiver shall deposit all funds of the Corporate Defendants in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts. The Receiver shall serve copies of monthly account statements on all parties;

  O. Maintain accurate records of all receipts and expenditures incurred as Receiver;

  P. Allow the Plaintiff's representatives, agents, and assistants, as well as Defendants' representatives and Defendants themselves, reasonable access to the premises of the Corporate Defendants, or any other premises where the Corporate Defendants conduct business. The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the Corporate Defendants or their agents. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access;

  Q. Allow the Plaintiff's representatives, agents, and assistants, as well as Defendants and their representatives, reasonable access to all Documents in the possession, custody, or control of the Corporate Defendants;

  R. Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency;

  S. Suspend business operations of the Corporate Defendants if in the judgment of the Receiver such operations cannot be continued legally and profitably;

  T. File timely reports with the Court at reasonable intervals, or as otherwise directed by the Court.

# VII.

# TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants, and any other person with possession, custody, or control of property of, or records relating to, the Corporate Defendants shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Corporate Defendants and immediately transfer or deliver to the Receiver possession, custody, and control of the following:

 A. All Assets held by or for the benefit of the Corporate Defendants;

 ~~B. All Assets held by Lancel Limited Partnership, an Arizona limited partnership established by Brandon Frere, that originated from the Corporate Defendants' business practices;~~

 C. All Documents of or pertaining to the Corporate Defendants;

 D. All computers, electronic devices, mobile devices, and machines used to conduct the business of the Corporate Defendants;

 E. All Assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Corporate Defendants; and

 F. All keys, codes, user names, and passwords necessary to gain access to any Assets of, or Documents pertaining to, the Corporate Defendants, including, but not limited to, access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property.

In the event that any person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

# VIII.

# PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants shall immediately provide to the Receiver:

  A.  A list of all Assets and accounts of the Corporate Defendants that are held in any name other than the name of a Corporate Defendant, or by any person or entity other than a Corporate Defendant; and

  B.  A list of all agents, employees, officers, attorneys, and servants of the Corporate Defendants, and those persons in active concert and participation with the Corporate Defendants, or who have been associated with or done business with the Corporate Defendants.

## IX.

## COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, and any other person with possession, custody, or control of property or of records relating to the Corporate Defendants who receive actual notice of this Order shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but is not limited to, providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any keys, codes, user names, and passwords required to access any computers, electronic devices, mobile devices, or machines (onsite or remotely) or any cloud account (including the specific method used to access the account) or electronic file in any medium; advising all persons who owe money to any Corporate Defendant that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Corporate Defendants.

## X.

## NON-INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, employees, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order, and any other person served with a copy of this Order, are hereby restrained and enjoined from directly or indirectly:

  A.  Interfering with the Receiver's efforts to manage, or take custody, control, or

1 possession of, the Assets or Documents subject to the receivership;

  B. Transacting any of the business of the Corporate Defendants;

  C. Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Corporate Defendants; or

  D. Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XI.

## STAY OF ACTIONS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency of the receivership ordered herein, Defendants, Defendants' officers, agents, employees, and all other persons in active concert or participation with any of them who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers, and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Corporate Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Corporate Defendants, including, but not limited to:

  A. Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, or of any similar insolvency proceeding on behalf of the Corporate Defendants;

  B. Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Corporate Defendants, including, but not limited to, the issuance or employment of process against the Corporate Defendants, except that such actions may be commenced if necessary to toll any applicable statute of limitations;

  C. Filing or enforcing any lien on any Asset of the Corporate Defendants, taking or attempting to take possession, custody, or control of any Asset of the Corporate Defendants, attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Corporate

Defendants, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise; or

   D. Retaliating against any witness who offers testimony in this matter, including, but not limited to, commencing a court action or proceeding relating to a non-disclosure agreement, non-disparagement clause, or waiver of claims.

  *Provided, however*, that this Order does not stay: (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (4) the matter *American Financial Benefits Center v. FTC*, case number 4:17-cv-04817-SBA.

## XII.

## COMPENSATION OF RECEIVER

  **IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including, but not limited to, counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order, and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by the Corporate Defendants. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than ninety (90) days after the date of entry of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XIII.

## DISTRIBUTION OF ORDER BY DEFENDANTS

  **IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, attorney, subsidiary, division, and

representative of any Corporate Defendant and any company owned or controlled by any Defendant, and shall within three (3) calendar days from the date of entry of this Order provide Plaintiff and the Receiver with a sworn statement that this provision of the Order has been satisfied. The statement shall include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns, or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XIV.

## SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including, but not limited to, facsimile transmission, e-mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any law enforcement agency, or by private process server, upon any Defendant or any person (including, but not limited to, any financial institution) that may have possession, custody, or control of any Asset or Document of any Corporate Defendant, or that may be subject to any provision of this Order pursuant to Fed. R. Civ. P. 65(d)(2). For purposes of this Section, service upon any branch, subsidiary, affiliate, or office of any entity shall effect service upon the entire entity.

## XV.

## DURATION OF THE ORDER

**IT IS FURTHER ORDERED** that this Order shall expire upon entry of a final judgment in this case.

IT IS SO ORDERED.

Dated: November 29, 2018

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge