UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN FINANCIAL BENEFITS CENTER, et al.,<br><br>Defendants. | Case No. 18-cv-00806-SBA  (JSC)<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANT BRANDON FRERE SHOULD NOT BE HELD IN CIVIL CONTEMPT AND REQUEST FOR BRIEFING SCHEDULE**<br><br>Re: Dkt. Nos. 187, 189 |

On November 29, 2018, the district court issued an order granting the Federal Trade Commission's ("FTC" or "Plaintiff") motion for preliminary injunction against Defendants American Financial Benefits Center ("AFBC") and Financial Education Benefits Center ("FEBC") (together, "Corporate Defendants"), and Brandon Frere. (Dkt. No. 186.)[1] The court's Preliminary Injunction Order ("PI Order") appointed Thomas McNamara as Receiver for the Corporate Defendants, granting him "full powers of an equity receiver." (Dkt. No. 187 at 6.) The Receiver now seeks compliance with the court's order and an order to show cause as to why Mr. Frere should not be held in civil contempt. (Dkt. No. 189.) The court referred Receiver's motion, "along with any other matters arising out of the performance of his duties under the [PI Order]," to the undersigned "for a report and recommendation (or for resolution, where appropriate)." (Dkt. No. 190.) For the reasons given below, the Court concludes that an order to show cause as to why Mr. Frere should not be held in civil contempt is warranted and briefing required.[2]

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] Mr. Frere was arrested on December 5, 2018, on federal charges related to the conduct at issue in this case. (*See* Dkt. No. 191 at ¶ 21; *see also United States v. Frere*, No. 3:18-mj-71724-SK, Dkt. No. 1.)

The factual background and procedural history of this case are set forth in detail in the district court's November 29, 2018 order granting the FTC's motion for a preliminary injunction. (*See* Dkt. No. 186 at 1-12.) As relevant here, the district court found that AFBC and FEBC "constitute a common enterprise over which Frere has control." (*Id.* at 26.) In appointing Mr. McNamara as Receiver for the Corporate Defendants, the court authorized and directed him to "[t]ake exclusive custody, control, and possession" of the Corporate Defendants' assets and documents. (Dkt. No. 187 at 6.) The PI Order provides, in pertinent part:

> In the event any person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section [Transfer of Receivership Property to Receiver], the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

(*Id.* at 9.)

According to Receiver, on the morning of November 29, 2018, the district court's clerk informed counsel for both parties "that the Initial Case Management Conference, then set for 2:45 p.m. that afternoon, would be continued in anticipation of a forthcoming Order on the FTC's Motion for Preliminary Injunction." (Dkt. No. 189-1 at ¶ 3.) At or about 2:30 p.m. that day, the court issued its order, and counsel for Plaintiff notified Mr. McNamara that he "had been appointed Receiver in this case" around thirty minutes later. (*Id.* at ¶ 5.) Receiver spoke with the parties via conference call that evening, and met with defense counsel the following day and took control of the Corporate Defendants' assets. (Dkt. No. 189 at 5.)

In reviewing the Corporate Defendants' bank records on November 30, 2018, Receiver discovered that "[s]cant minutes before the Receiver's appointment . . . Frere transferred a total of $400,000 out of [the] accounts" of AFBC and FEBC. (Dkt. No. 189 at 8.) Bank records indicate the following transfers from Corporate Defendants' bank accounts on November 29, 2018:

    (1)    16:44 ET (1:44 p.m. PT): $2,500 wired from AFBC account to Mr. Frere's brother, Justin Frere

    (2)    16:45 ET (1:45 p.m. PT): $3,000 wired AFBC account to Cameron Henry, "former employee of Defendants and a partial owner of one or more Defendants"

    (3)    16:45 ET (1:45 p.m. PT): $5,000 wired from AFBC account to Mr. Frere's parents, Andre and Gloria Frere

(4) At or around 16:45 ET (1:45 p.m. PT): $89,500 transferred from AFBC account to Mr. Frere's personal savings account

(5) 16:46 ET (1:46 p.m. PT): $5,000 wired from FEBC account to Justin Frere

(6) 16:47 ET (1:47 p.m. PT): $6,000 wired from FEBC account to Cameron Henry

(7) 16:48 ET (1:48 p.m. PT): $10,000 wired from FEBC account to Andre and Gloria Frere

(8) At or around 16:48 ET (1:48 p.m. PT): $179,000 transferred from FEBC account to Mr. Frere's personal savings account

(Dkt. Nos. 189-2, Ex. 1 & 189-3, Ex. 2.) Receiver spoke with Mr. Frere's counsel on November 30, 2018, informing "them that [Mr. Frere] had violated the PI Order by making the transfers," and that Mr. Frere must "return those assets to the Receivership Estate." (Dkt. No. 189-1 at ¶ 17.) On December 3, 2018, Receiver spoke again with Mr. Frere's counsel about the transfers; however, "[t]he funds have not been returned."

Based on Mr. Frere's actions, Receiver has shown good cause necessitating an order to show cause. However, given Mr. Frere's pending criminal charges related to the transfers at issue, and in light of the upcoming holidays, rather than impose a schedule the Court orders the parties to submit a briefing schedule on the order to show cause.

## CONCLUSION

The parties shall meet and confer on a schedule for briefing the order to show cause and submit the schedule by December 12, 2018. If the parties cannot agree to a briefing schedule, the Court will hold a status conference on December 13, 2018, at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: December 7, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3