Sanjay Bhandari (SBN 181920)
sbhandari@mcnamarallp.com
Edward Chang (SBN 268204)
echang@mcnamarallp.com
McNamara Smith LLP
655 West Broadway, Suite 1600
San Diego, California 92101
Telephone: 619-269-0400
Facsimile:  619-269-0401

*Attorneys for Court-appointed Receiver,*
*Thomas W. McNamara*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 4:18-cv-00806-SBA |
| Plaintiff, | **STIPULATION AND [PROPOSED] ORDER AUTHORIZING SALE OF VEHICLES** |
| vs. | |
| AMERICAN FINANCIAL BENEFITS CENTER, et al., | JUDGE:   Mag. Judge Jacqueline Scott Corley<br>CTRM.:   15th Floor, Ctrm. F |
| Defendants. | |

In December 2018 and January 2019, Defendant Brandon Frere voluntarily turned over six vehicles to the Receiver: (1) 2014 Audi S7 (VIN ending in 4350); (2) 2015 GMC Sierra 2500HD Denali (VIN ending in 2494); (3) 2012 Porsche Panamera Turbo S (VIN ending in 0412); (4) 2013 Porsche Cayenne Turbo (VIN ending in 0223); and two off-road vehicles (5) 2015 Can-Am Maverick Turbo XDS; and (6) 2017 Can-Am Maverick X3 Max X rs Turbo R (collectively, the "Vehicles").  The Receiver stored the Vehicles in a storage facility in San Rafael, California.  Since vehicles are inherently depreciating assets and the monthly storage costs are significant ($1,350 per month), the parties have agreed to allow the Receiver to sell the Vehicles at auction.

The sale of personal property is governed by 28 U.S.C. § 2004, which provides that "[a]ny personalty sold under any order or decree of any court of the United States shall be sold in

1  accordance with section 2001 of this title, *unless the court orders otherwise*." 28 U.S.C. § 2004
2  (emphasis added). (Section 2001 generally applies to sale of real property and, although courts
3  often approve more commercially reasonable sales methods, the statute requires the sale to take
4  place on the courthouse steps. *See* 28 U.S.C. § 2001(a).) District courts have wide discretion to
5  deviate from these procedures, which often impose unnecessary costs and delays on the
6  receivership estate and do not maximize the sales price. *See United States v. Stonehill*, 83 F.3d
7  1156, 1160 (9th Cir. 1996) (noting district court has discretion whether to obtain appraisals); *see*
8  *also SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005) ("The district court has
9  broad powers and wide discretion to determine the appropriate relief in an equity receivership."
10 (citation omitted)); *see also SEC v. Goldfarb*, No. C 11-00938 WHA, 2013 U.S. Dist. LEXIS
11 118942, at *10-11 (N.D. Cal. Aug. 21, 2013) (deviating from 28 U.S.C. § 2001 and approving
12 sale of receivership estate's interest in LLC at reduced price); *FTC v. Consumer Def., LLC*, No.
13 2:18-cv-30 JCM (PAL), 2019 U.S. Dist. LEXIS 9135, at *11 (D. Nev. Jan. 18, 2019)
14 (authorizing sale of vehicles via commercially reasonable means); Derek F. Meek & Ellen C.
15 Rains, *Deviation from Statutory Scheme in Sale of Receivership Property*, 33-4 Am. Bankr. Inst.
16 J. 58 (2014) ("Although the rationale behind [28 U.S.C. § 2001] is understandable, the
17 requirements that it imposes can be costly and time-consuming for receivers to comply with its
18 provisions, especially when strict compliance serves little or no purpose.").
19       The Receiver requested and the parties agreed to allow the Receiver to sell the Vehicles
20 at an auction conducted by RM Auctions in Auburn, Indiana on August 29-September 1, 2019.
21 RM Auctions will arrange transport of the Vehicles, advertise them in both print and on the
22 Internet, and charge a 10% seller's commission. The Receiver believes selling the Vehicles via
23 RM Auctions' Auburn Fall sale will maximize recovery from the Vehicles. The Auburn Fall
24 sale is a well-known event which is heavily promoted via print and Internet advertising; the
25 auction draws international bidders, as well as domestic bidders from virtually every state.
26 ///
27 ///
28 ///

As such, the parties and the Receiver request the Court authorize the sale of the Vehicles via RM Auctions.

Dated: June 11, 2019  MCNAMARA SMITH LLP[1]

By: /s/ Edward Chang
Edward Chang
*Attorneys for Court-appointed Receiver,
Thomas W. McNamara*

Dated: June 11, 2019  FEDERAL TRADE COMMISSION

By: /s/ Sarah Schroeder
Sarah Schroeder
Roberta Tonelli
Evan Rose
*Attorneys for Plaintiff Federal Trade Commission*

Dated: June 11, 2019  ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ Nicole S. Healy
*Attorneys for Defendants American Financial Benefits Center, Ameritech Financial, Financial Education Benefits Center, and Brandon D. Frere*

### [PROPOSED] ORDER

Pursuant to stipulation, the Receiver is authorized to sell (1) 2014 Audi S7 (VIN ending in 4350); (2) 2015 GMC Sierra 2500HD Denali (VIN ending in 2494); (3) 2012 Porsche Panamera Turbo S (VIN ending in 0412); (4) 2013 Porsche Cayenne Turbo (VIN ending in 0223); and two off-road vehicles (5) 2015 Can-Am Maverick Turbo XDS; and (6) 2017 Can-Am Maverick X3 Max X rs Turbo R (collectively, the "Vehicles") at an auction conducted by RM Auctions in Auburn, Indiana on August 29-September 1, 2019.  The sale of the Vehicles is hereby confirmed without further notice, hearing or order and is deemed sufficient pursuant to 28 U.S.C. §§ 2001 and 2004.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:  June 14           , 2019

By: /s/ Jacqueline Scott Corley
Jacqueline Scott Corley
United States Magistrate Judge

---

[1] Pursuant to Civ. L.R. 5-1(i)(3), the filer attests that concurrence in the filing of this document has been obtained from every other signatory listed.