UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>          Plaintiff,<br><br>    v.<br><br>AMERICAN FINANCIAL BENEFITS<br>CENTER, et al.,<br><br>          Defendants. | Case No. 18-cv-00806-SBA (JSC)<br><br>**ORDER RE: SECOND INTERIM APPLICATION OF RECEIVER FOR ORDER APPROVING RECEIVER'S FEES AND EXPENSES**<br><br>Re: Dkt. No. 230 |

On November 29, 2018, the district court issued an order granting the motion of the Federal Trade Commission for preliminary injunction against Defendants American Financial Benefits Center ("AFBC") and Financial Education Benefits Center ("FEBC") (together, "Corporate Defendants"), and Brandon Frere.[1] (Dkt. No. 186.)[2] The court's order ("PI Order") appointed Thomas McNamara as Receiver for the Corporate Defendants, granting him "full powers of an equity receiver." (Dkt. No. 187 at 6.) The district court subsequently referred all matters arising out of the performance of the Receiver's duties to the undersigned. (Dkt. No. 190.) On March 29, 2019, this Court granted the Receiver's first interim application for fees and expenses for the period of November 29, 2018 through January 15, 2019, in the amount of $335,213.88. (Dkt. No. 221.) Now before the Court is the Receiver's second interim application for fees and expenses, covering the period of January 16, 2019 through November 30, 2019. (Dkt. No. 230.) The application is unopposed. After careful consideration of the Receiver's application,

---

[1] On February 3, 2020, the district court extended a stay of this action based on the parallel criminal action against Defendant Frere pending in this District. (Dkt. No. 234; *see also United States v. Frere*, No. 3:19-cr-00493-SI (N.D. Cal.).)

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

declaration, and supporting exhibits, the Court concludes that oral argument is not necessary and therefore VACATES the February 13, 2020 hearing. For the reasons explained below, the Court GRANTS the application.

## BACKGROUND

The PI Order authorizes the Receiver to "[c]hoose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order." (Dkt. No. 187 at 6.) The PI Order further provides for compensation of the Receiver and those hired by him, stating:

> IT IS FURTHER ORDERED that the Receiver and all personnel hired by the Receiver as herein authorized, including, but not limited to, counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order, and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by the Corporate Defendants. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than ninety (90) days after the date of entry of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

(Dkt. No. 187 at 12.) Thus, the PI Order allows for payment of "periodic" or interim fees upon the Receiver's request to the Court.

## LEGAL STANDARD

"As a general rule, the expenses and fees of a receivership are a charge upon the property administered." *Gaskill v. Gordon*, 27 F.3d 248, 251 (7th Cir. 1994) (citing *Atl. Trust Co. v. Chapman*, 208 U.S. 360, 375-76 (1908)). "These expenses include the fees and expenses incurred by a receiver and professional retained by a receiver to assist in the performance of the receiver's duties." *SEC v. Nationwide Automated Sys., Inc.*, No. CV 14-07249 SJO (FFMx), 2018 WL 1918622, at *2 (C.D. Cal. Feb. 12, 2018). The court that appoints "the receiver has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys." *Drilling & Exploration Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934).

Receivers and the professionals who assist them should be "reasonably, but not excessively

2

compensated for their efforts to benefit the receivership estate." *SEC v. Small Bus. Capital Corp.*, No. 12-CV-03237 EJD, 2014 WL 3920320, at *2 (N.D. Cal. Aug. 7, 2014) (internal quotation marks and citation omitted). "'[I]n receivership situations, lawyers should be awarded moderate fees and not extravagant ones.'" *Id.* (quoting *SEC v. Byers*, 590 F. Supp. 2d 637, 648 (S.D.N.Y. 2008)). Thus, "[t]he Receivership and any professionals assisting the Receiver should charge a reduced rate to reflect the public interest involved in preserving funds held in the receivership estate." *Id.* (citing *Byers*, 590 F. Supp. 2d at 646-47).

In determining the amount of a fee award, courts should consider the "'economy of administration, the burden that the estate may be able to bear, the amount of time required, although not necessarily expended, and the overall value of the services provided to the estate.'" *Id.* (quoting *In re Imperial "400" Nat., Inc.*, 432 F.2d 232, 237 (3rd Cir. 1970)).

## DISCUSSION

The Receiver requests the following compensation: (1) "43,690.00 fees and $6,718.47 expenses of the Receiver and staff to be paid to TWM Receiverships Inc. dba Regulatory Resolutions"; (2) "$54,197.00 fees and $3,493.58 expenses of the Receiver's counsel, McNamara Smith LLP"; (3) "$14,110.00 fees and $13.90 expenses of the Receiver's insurance coverage counsel, Franklin Soto LLP; and (4) "$1,050.00 fees and $160.00 expenses of the Receiver's IT consultant, The Computer Admin." (Dkt. No. 230 at 2.) In total, the Receiver requests $123,432.95 in his second interim application.

The Receiver submits a declaration in support of his application detailing the work performed and fees and expenses incurred by the Receiver and his staff, his regular counsel and insurance coverage counsel, and his IT consultant. (Dkt. No. 230-1 at 2-4.) The Receiver also submits invoices from Regulatory Resolutions, McNamara Smith LLP, Franklin Soto LLP, and The Computer Admin for the time period at issue. (Dkt. No. 230-2, Exs. 1-4.) The invoices are sufficiently detailed, and the services rendered were necessary to administer the receivership.[3]

---

[3] The Receiver's invoice from Regulatory Resolutions includes one entry for $150.00 that falls within the time period of the first interim application for fees—January 11, 2019. (*See* Dkt. No. 230-2, Ex. 1 at 4.) The Receiver's invoice also includes a disbursement of $108.41 for "Out-of-town travel: Meals for receivership team" on December 4, 2018. (*See id.* at 10.) Similarly, the

The Receiver attests that the fees he incurred reflect a discounted rate, (*see* Dkt. No. 230-1 at ¶ 4a), and although he does not attest that fees for counsel McNamara Smith LLP reflect a similar discount, the hourly rates for attorneys Mr. Bhandari, Mr. Chang, Ms. Gordon, and paralegal Ms. Carroll remain unchanged since the Receiver's first interim application. (*Compare* Dkt. No. 220 at ¶ 5 *with* Dkt. 230-1 at ¶ 7.) The Receiver's supplemental declaration in support of the first interim application attested that those attorneys' fees represented a discounted rate. (Dkt. No. 220 at ¶ 5.)

The Receiver submitted a Status Report on January 9, 2020, summarizing the receivership activities and providing updated information regarding the receivership bank account. (Dkt. No. 232.) The Status Report includes a "Receipts and Disbursements Summary" for the account that itemizes the total receipts and disbursements from February 1, 2019 through January 9, 2020 and indicates that the receivership bank account had a balance of $384,236.66 as of January 9, 2020. (Dkt. No. 232-1, Ex. 1 at 2.) Thus, the Receiver's current request for fees and expenses constitutes roughly one third of the account balance.

In sum, the Court is satisfied that the requested fees and expenses "reasonably, but not excessively" compensate the Receiver and his professionals "for their efforts to benefit the receivership estate." *See Small Bus. Capital Corp.*, 2014 WL 3920320, at *2.

## CONCLUSION

The Court grants the Receiver's second interim application for fees and expenses in the amount of $123,432.95.

**IT IS SO ORDERED.**

Dated: February 11, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

invoice from McNamara Smith includes a billing entry for January 7, 2019 for $35.00. (*See id.*, Ex. 2 at 16.) None of those entries appeared in the first interim application for benefits. (*See generally* Dkt. No. 212-2.) Thus, Receiver is not requesting fees and expenses that were already paid.