ALDEN F. ABBOTT
General Counsel

SARAH SCHROEDER, Cal. Bar No. 221528
ROBERTA TONELLI, Cal. Bar No. 278738
EVAN ROSE, Cal. Bar No. 253478
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
sschroeder@ftc.gov, rtonelli@ftc.gov, erose@ftc.gov
Tel: (415) 848-5100; Fax: (415) 848-5184

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

FEDERAL TRADE COMMISSION,

        Plaintiff,

        vs.

AMERICAN FINANCIAL BENEFITS
CENTER, a corporation, also d/b/a AFB and AF
STUDENT SERVICES;

AMERITECH FINANCIAL, a corporation;

FINANCIAL EDUCATION BENEFITS CENTER,
a corporation; and

BRANDON DEMOND FRERE, individually and as
an officer of AMERICAN FINANCIAL BENEFITS
CENTER, AMERITECH FINANCIAL, and
FINANCIAL EDUCATION BENEFITS CENTER,

        Defendants.

Case No. 18-cv-00806-SBA

**STIPULATED ORDER FOR
PERMANENT INJUNCTION AND
MONETARY JUDGMENT**

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), pursuant to Sections 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108.  The Commission and Defendants American Financial Benefits Center, Ameritech Financial, Financial Education Benefits Center, and Brandon Demond Frere ("Defendants") stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Telemarketing Sales Rule, 16 C.F.R. § 310, in connection with the advertising, marketing, promotion, offering for sale, or sale of debt relief services.

3.      Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.      Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.      Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      "**Assisting Others**" includes:

1.      performing customer service functions, including receiving or responding to consumer complaints;

2.      formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

3.      formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

4.      providing names of, or assisting in the generation of, potential customers;

5.      performing marketing, billing, or payment services of any kind; or

6.      acting or serving as an owner, officer, director, manager, or principal of any entity.

B.      "**Defendants**" means all of the Corporate Defendants and the Individual Defendant, individually, collectively, or in any combination.

    1.      "**Corporate Defendants**" means American Financial Benefits Center, also d/b/a AFB and AF Student Services, Ameritech Financial, and Financial Education Benefits Center, and their successors and assigns.

    2.      "**Individual Defendant**" means Brandon Demond Frere.

C.      "**Financial Product or Service**" means any product, service, plan, or program represented, expressly or by implication, to:

    1.      provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit;

    2.      provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

    3.      improve, repair, or arrange to improve or repair, any consumer's credit record, credit history, or credit rating; or

    4.      provide advice or assistance to improve any consumer's credit record, credit history, or credit rating.

1  D.  "**Person**" means any individual, group, unincorporated association, limited or general

2  partnership, corporation, or other business entity.

3  E.  "**Receiver**" means Thomas McNamara.

4  F.  "**Receivership Defendants**" means American Financial Benefits Center, Ameritech

5  Financial, and Financial Education Benefits Center.

6  G.  "**Secured or Unsecured Debt Relief Product or Service**" means:

7  1.  With respect to any mortgage, loan, debt, or obligation between a Person and one

8  or more secured or unsecured creditors or debt collectors, any product, service, plan, or

9  program represented, expressly or by implication, to:

10  a.  stop, prevent, or postpone any mortgage or deed of foreclosure sale for a

11  Person's dwelling, any other sale of collateral, any repossession of a Person's

12  dwelling or other collateral, or otherwise save a Person's dwelling or other

13  collateral from foreclosure or repossession;

14  b.  negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any

15  way alter any terms of the mortgage, loan, debt, or obligation, including a

16  reduction in the amount of interest, principal balance, monthly payments, or fees

17  owed by a Person to a secured or unsecured creditor or debt collector;

18  c.  obtain any forbearance or modification in the timing of payments from

19  any secured or unsecured holder or servicer of any mortgage, loan, debt, or

20  obligation;

21  d.  negotiate, obtain, or arrange any extension of the period of time within

22  which a Person may (i) cure his or her default on the mortgage, loan, debt, or

23  obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem

24  a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage,

25  loan, debt, or obligation or redeem a dwelling or other collateral;

26  e.  obtain any waiver of an acceleration clause or balloon payment contained

27  in any promissory note or contract secured by any dwelling or other collateral; or

28  f.  negotiate, obtain, or arrange (i) a short sale of a dwelling or other

collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a

mortgage, loan, debt, or obligation other than a sale to a third party that is not the

secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including auditing

or examining a Person's application for the mortgage, loan, debt, or obligation.

2.      With respect to any loan, debt, or obligation between a Person and one or more

unsecured creditors or debt collectors, any product, service, plan, or program represented,

expressly or by implication, to:

a.      repay one or more unsecured loans, debts, or obligations; or

b.      combine unsecured loans, debts, or obligations into one or more new

loans, debts, or obligations.

H.      "**Telemarketing**" means any plan, program, or campaign which is conducted to induce

the purchase of goods or services by use of one or more telephones, and which involves a

telephone call, whether or not covered by the Telemarketing Sales Rule.

## I.

## BAN ON SECURED AND UNSECURED DEBT RELIEF

## PRODUCTS AND SERVICES

IT IS ORDERED that Defendants are permanently restrained and enjoined from

advertising, marketing, distributing, promoting, offering for sale, or selling, or Assisting Others

in the advertising, marketing, promoting, offering for sale, or selling, of any Secured or

Unsecured Debt Relief Product or Service.

## II.

## PROHIBITION AGAINST UNLAWFUL TELEMARKETING PRACTICES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees,

and attorneys, and all other persons in active concert or participation with any of them, who

receive actual notice of this Order, whether acting directly or indirectly, in connection with the

Telemarketing, are permanently restrained and enjoined from:

A.      Making a false or misleading statement to induce any person to pay for goods or

1   services; or

2        B.     Violating the Telemarketing Sales Rule, 16 C.F.R. Part 310, attached as

3   **Attachment A**.

4   **III.**

5   **PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO**

6   **FINANCIAL PRODUCTS AND SERVICES**

7        IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees,

8   and attorneys, and all other Persons in active concert or participation with any of them, who

9   receive actual notice of this Order, whether acting directly or indirectly, in connection with the

10  advertising, marketing, promoting, offering for sale, or selling of any Financial Product or

11  Service, are permanently restrained and enjoined from misrepresenting, or Assisting Others in

12  misrepresenting, expressly or by implication:

13       A.     the terms or rates that are available for any loan or other extension of credit,

14  including:

15       1.     closing costs or other fees;

16       2.     the payment schedule, monthly payment amount(s), any balloon payment, or

17       other payment terms;

18       3.     the interest rate(s), annual percentage rate(s), or finance charge(s), or whether

19       they are fixed or adjustable;

20       4.     the loan amount, credit amount, draw amount, or outstanding balance; the loan

21       term, draw period, or maturity; or any other term of credit;

22       5.     the amount of cash to be disbursed to the borrower out of the proceeds, or the

23       amount of cash to be disbursed on behalf of the borrower to any third parties;

24       6.     whether any specified minimum payment amount covers both interest and

25       principal, or whether the credit has or can result in negative amortization; or

26       7.     that the credit does not have a prepayment penalty or whether subsequent

27       refinancing may trigger a prepayment penalty and/or other fees; or

28       B.     the ability to improve or otherwise affect a consumer's credit record, credit

history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit

history, credit rating, or ability to obtain credit can be improved by permanently removing

current, accurate negative information from the consumer's credit record or history; or

        C.      that a consumer will receive legal representation; or

        D.      any other fact material to consumers concerning any Financial Product or Service,

such as:  the total costs; any material restrictions, limitations, or conditions; or any material

aspect of its performance, efficacy, nature, or central characteristics.

# IV.

## PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO

## ANY PRODUCT OR SERVICE

     IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees,

and attorneys, and all other Persons in active concert or participation with any of them, who

receive actual notice of this Order, whether acting directly or indirectly, in connection with the

advertising, marketing, promoting, offering for sale, or selling of any product, service, plan, or

program, are permanently restrained and enjoined from misrepresenting, or Assisting Others in

misrepresenting, expressly or by implication:

        A.      that any product, service, plan, or program is related to a consumer's loan;

        B.      the benefit or duration of any product, service, plan, or program;

        C.      the name of the Person selling, offering, or providing any product, service, plan,

or program to any consumer;

        D.      any material aspect of the nature or terms of any refund, cancellation, exchange,

or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or

the circumstances in which a full or partial refund will be granted to the consumer;

        E.      that any Person is affiliated with, endorsed, approved by, accredited by, or

otherwise connected to any other Person; government entity; public, non-profit, or other non-

commercial program; or any other program;

        F.      the nature, expertise, position, or job title of any Person who provides any

product, service, plan, or program; or

G.      any other fact material to consumers concerning any product or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## V.

### PROHIBITION AGAINST UNSUBSTANTIATED CLAIMS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale of any Financial Product or Service, are permanently restrained and enjoined from making any representation or Assisting Others in making any representation, expressly or by implication, about the benefits, performance, or efficacy of any Financial Product or Service, unless the representation is non-misleading, and, at the time such representation is made, Defendants possess and rely upon competent and reliable evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant fields, when considered in light of the entire body of relevant and reliable evidence, to substantiate that the representation is true.

## VI.

### PROHIBITION AGAINST COLLECTING ON ACCOUNTS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from attempting to collect, collecting, or assigning any right to collect payment from any consumer for any product, service, plan, or program sold by any Corporate Defendant prior to the date of entry of this Order.

## VII.

### MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A.      Judgment in the amount of Sixty-Two Million Dollars ($62,000,000) is entered in favor of the Commission against Defendants, jointly and severally, as equitable monetary relief.

1         B.     The Individual Defendant shall comply with the payment requirements set forth in

2    his Plea Agreement filed in *United States v. Brandon Frere*, No. CR 19-00493 SI (N.D. Cal.

3    December 20, 2019) ("Plea Agreement"), which includes the forfeiture of assets valued at

4    approximately Eight Million, Six Hundred Seventy Seven Thousand, Seven Hundred Ninety

5    Three Dollars ($8,677,793).

6         C.     The Individual Defendant is ordered to pay to the Commission his tax refunds

7    from the Internal Revenue Service ("IRS") and California Franchise Tax Board ("FTB") related

8    to his tax overpayments made on or around December 3, 2018 (approximately $324,749 to

9    $363,122 depending on the FTB's calculation).  Such payment must be made within 30 days of

10   the Individual Defendant's receipt of the tax refunds in accordance with instructions provided by

11   a representative of the Commission.  The Individual Defendant or his designated representative

12   must send written notices to the IRS and FTB within 30 days of entry of this Order informing

13   them of this Order and requesting immediate payment of the tax refunds.

14        *Provided, however*, that the Individual Defendant does not need to pay the tax refunds

15   to the Commission if he pays them to the Department of Justice as part of his Plea Agreement.

16        D.     Defendants waive and release any rights and claims to funds of the Corporate

17   Defendants remaining after payment of the fees authorized by the Court to the Receiver.

18   Payment of such funds to the FTC, if any, shall be made by the holder of the funds by electronic

19   fund transfer in accordance with instructions provided to the holder of the funds by a

20   representative of the Commission.

21        E.     Defendants waive and release any rights and claims to all assets transferred

22   pursuant to this Order and the Plea Agreement and may not seek the return of any assets.  Upon

23   transfer of assets pursuant to this Order and the Plea Agreement, the remainder of the judgment

24   is suspended, subject to the Subsections below.

25        F.     The Commission's agreement to the suspension of part of the judgment is

26   expressly premised upon the truthfulness, accuracy, and completeness of the Individual

27   Defendant's sworn financial statement and related documents (collectively, "financial

28   representations") submitted to the Commission, namely:

1.      Financial Statement of Individual Defendant Brandon Frere, signed on July 22, 2020;

2.      Financial documents from Frere's counsel, submitted on July 22, 2020; and

3.      Statement of Brandon Frere regarding cooperation with the Receiver and turnover of the Corporate Defendants' assets, signed on March 10, 2020.

G.      The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that the Defendant failed to disclose any material asset to the Commission or the Receiver, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

H.      If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury caused by Defendants), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## VIII.

## ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.      Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.      Defendants acknowledge that their Taxpayer Identification Numbers and Social Security number, which Defendants previously submitted to the Commission, may be used for

1   collecting and reporting on any delinquent amount arising out of this Order, in accordance with

2   31 U.S.C. § 7701.

3         E.      All money paid to the Commission pursuant to this Order may be deposited into a

4   fund administered by the Commission or its designee to be used for equitable relief, including

5   consumer redress and any attendant expenses for the administration of any redress fund.  If a

6   representative of the Commission decides that direct redress to consumers is wholly or partially

7   impracticable or money remains after redress is completed, the Commission may apply any

8   remaining money for such other equitable relief (including consumer information remedies) as it

9   determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any

10  money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.

11  Defendants have no right to challenge any actions the Commission or its representatives may

12  take pursuant to this Subsection.

## IX.

## CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees,
attorneys, and all other Persons in active concert or participation with any of them, who receive
actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

      A.      Failing to provide sufficient customer information to enable the Commission to
efficiently administer consumer redress.  Defendants represent that they have provided this
redress information to the Receiver.  If a representative of the Commission requests in writing
any information related to redress, Defendants must provide it, in the form prescribed by the
Commission, within 14 days.

      B.      Disclosing, using, or benefitting from customer information, including the name,
address, telephone number, email address, Social Security number, Federal Student Aid ("FSA")
ID, other identifying information, or any data that enables access to a customer's account
(including a student loan account, credit card, bank account, or other financial account), that any
Defendant obtained prior to entry of this Order in connection with the sale of any service; and

C.      Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## X.

## COOPERATION WITH RECEIVER

IT IS FURTHER ORDERED that Defendants shall not interfere with the Receiver's performance of his duties and shall cooperate fully with the Receiver to complete his duties, including, but not limited to, cooperation as to the Receiver's pursuit of any claims against other Persons or entities and the Receiver's pursuit of any funds or assets of a Receivership Defendant. Defendants shall execute any documents requested by the Receiver necessary to transfer assets or ownership interests to the Receiver.  If it becomes necessary to execute additional documents to transfer or liquidate assets of a Receivership Defendant or any other assets that are surrendered under this Order or to wind up the Receivership Defendants, Defendants must execute all documents requested by the Receiver within 5 days of receipt from the Receiver.

## XI.

## RECEIVERSHIP WRAP-UP AND TERMINATION

IT IS FURTHER ORDERED that the Receiver shall endeavor to complete all duties of the Receiver and file a Final Report and Final Fee Application within 180 days after entry of this Order, but any party or the Receiver may request an extension of the Receiver's term for good cause.  Upon the ruling of the Court on all pending motions by the Receiver for the approval of fees and expenses of the Receiver and his professionals, the Receiver may withdraw all approved amounts for receivership expenses from the receivership account and transfer the balance to the account of the Commission.

## XII.

## ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.      Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 5 years after entry of this Order, Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XIII.

## COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A.      One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.      Each Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and

1    Internet addresses; (c) describe the activities of each business, including the goods and

2    services offered, the means of advertising, marketing, and sales, and the involvement of

3    any other Defendant (which Individual Defendant must describe if he knows or should

4    know due to his own involvement); (d) describe in detail whether and how that Defendant

5    is in compliance with each Section of this Order; and (e) provide a copy of each Order

6    Acknowledgment obtained pursuant to this Order, unless previously submitted to the

7    Commission.

8        2.       Additionally, Individual Defendant must:  (a) identify all telephone numbers and

9    all physical, postal, email, and Internet addresses, including all residences; (b) identify all

10   business activities, including any business for which such Defendant performs services

11   whether as an employee or otherwise and any entity in which such Defendant has any

12   ownership interest; and (c) describe in detail such Defendant's involvement in each such

13   business, including title, role, responsibilities, participation, authority, control, and any

14   ownership.

15       B.       For 20 years after entry of this Order, each Defendant must submit a compliance

16   notice, sworn under penalty of perjury, within 14 days of any change in the following:

17       1.       Each Defendant must report any change in:  (a) any designated point of contact;

18   or (b) the structure of any Corporate Defendant or any entity that Defendant has any

19   ownership interest in or controls directly or indirectly that may affect compliance

20   obligations arising under this Order, including:  creation, merger, sale, or dissolution of

21   the entity or any subsidiary, parent, or affiliate that engages in any acts or practices

22   subject to this Order.

23       2.       Additionally, Individual Defendant must report any change in:  (a) name,

24   including aliases or fictitious name, or residence address; or (b) title or role in any

25   business activity, including any business for which such Defendant performs services

26   whether as an employee or otherwise and any entity in which such Defendant has any

27   ownership interest, and identify the name, physical address, and any Internet address of

28   the business or entity.

1    C.    Each Defendant must submit to the Commission notice of the filing of any

2    bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant

3    within 14 days of its filing.

4    D.    Any submission to the Commission required by this Order to be sworn under

5    penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by

6    concluding: "I declare under penalty of perjury under the laws of the United States of America

7    that the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's

8    full name, title (if applicable), and signature.

9    E.    Unless otherwise directed by a Commission representative in writing, all

10   submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or

11   sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement,

12   Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW,

13   Washington, DC  20580.  The subject line must begin:  FTC v. American Financial Benefits

14   Center, Matter No. X180020.

## XIV.

## RECORDKEEPING

17   IT IS FURTHER ORDERED that Defendants must create certain records for 20 years

18   after entry of the Order, and retain each such record for 5 years.  Specifically, Corporate

19   Defendants and Individual Defendant for any business that such Defendant, individually or

20   collectively with any other Defendants, is a majority owner or controls directly or indirectly,

21   must create and retain the following records:

22   A.    accounting records showing the revenues from all goods or services sold;

23   B.    personnel records showing, for each Person providing services, whether as an

24   employee or otherwise, that Person's:  name; addresses; telephone numbers; job title or position;

25   dates of service; and (if applicable) the reason for termination;

26   C.    records of all consumer complaints and refund requests, whether received directly

27   or indirectly, such as through a third party, and any response;

28

Case No. 18-cv-00806-SBA            Page 15 of 18            Stipulated Final Order

1      D.      all records necessary to demonstrate full compliance with each provision of this

2   Order, including all submissions to the Commission; and

3      E.      a copy of each unique advertisement or other marketing material.

4                                    **XV.**

5                          **COMPLIANCE MONITORING**

6      IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance

7   with this Order, including the financial representations upon which part of the judgment was

8   suspended and any failure to transfer any assets as required by this Order:

9      A.      Within 14 days of receipt of a written request from a representative of the

10   Commission, each Defendant must:  submit additional compliance reports or other requested

11   information, which must be sworn under penalty of perjury; appear for depositions; and produce

12   documents for inspection and copying.  The Commission is also authorized to obtain discovery,

13   without further leave of court, using any of the procedures prescribed by Federal Rules of Civil

14   Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

15      B.      For matters concerning this Order, the Commission is authorized to communicate

16   directly with each Defendant.  Defendant must permit representatives of the Commission to

17   interview any employee or other Person affiliated with any Defendant who has agreed to such an

18   interview.  The Person interviewed may have counsel present.

19      C.      The Commission may use all other lawful means, including posing, through its

20   representatives as consumers, suppliers, or other individuals or entities, to Defendants or any

21   individual or entity affiliated with Defendants, without the necessity of identification or prior

22   notice.  Nothing in this Order limits the Commission's lawful use of compulsory process,

23   pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

24      D.      Upon written request from a representative of the Commission, any consumer

25   reporting agency must furnish consumer reports concerning Individual Defendant, pursuant to

26   Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

27

28

## XVI.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____

_____
Hon. Saundra Brown Armstrong
United States District Judge
Northern District of California

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

*Sarah Schroeder*
_____        Date: _____October 12____, 2020
SARAH SCHROEDER
ROBERTA TONELLI
EVAN ROSE
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**FOR DEFENDANTS:  American Financial Benefits Center, Ameritech Financial, Financial Education Benefits Center, and Brandon Demond Frere**

_____        Date: __July 22__, 2020
BRANDON DEMOND FRERE,
INDIVIDUALLY AND AS AN OFFICER OF
AMERICAN FINANCIAL BENEFITS CENTER,
AMERITECH FINANCIAL, AND
FINANCIAL EDUCATION BENEFITS CENTER

Case No. 18-cv-00806-SBA          Page 17 of 18          Stipulated Final Order

1

2

3

**APPROVED AS TO FORM:**

4

_Nicole S. Healy_                    Date:____July 23_____, 2020
NICOLE HEALY

5    Ropers Majeski, PC
1001 Marshall Street, Suite 500
6    Redwood City, CA 94063
Telephone:  (650) 364-8200
7    Fax:  (650) 780-1701
Email:  nicole.healy@ropers.com
8    Attorneys for Defendants
9    AMERICAN FINANCIAL BENEFITS CENTER, AMERITECH FINANCIAL, FINANCIAL
EDUCATION BENEFITS CENTER, AND BRANDON DEMOND FRERE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28